**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

BILL ROBINSON, PEARLINE SKINNER, DARLENE PRICE, EARNESTINE JONES, JERRY COVIN and SANDRA JEST, on behalf of themselves and all others similarly situated to them,

Plaintiffs

v

GORDON R. ENGLAND, Secretary of the Navy,

Defendant.

CIVIL ACTION NO. 1:02-CV-94-2 (WLS)

**STIPULATED PROTECTIVE ORDER**
**COVERING THE PROTECTION OF SELECTION CRITERIA AND TEST SCORES**

The parties, through their counsel, hereby stipulate and agree as follows.

**I. Background: Defendant's Interests in Protecting Selection Criteria and Test Scores.**

1. The Supreme Court has extensively addressed an employer's legitimate interests in protecting examination materials and test scores used in employee selection processes:

> Test secrecy is concededly critical to the validity of any such program and confidentiality of scores is undeniably important to examinees.

*Detroit Edison Co. v. NLRB*, 440 U.S. 301, 304 (1978) (proceedings under a private-sector collective-bargaining agreement). When discussing the release of individual test scores, the court noted that the release of such scores is covered by the Privacy Act in the federal sector. *Id.*, 440 U S. at 319 n.16.

2. While the issues involved in the release of scored interview questions and model





answers are directly analogous to those involved in the release of test questions and answers, the issues involved in the release of the specific criteria used to evaluate or credit information included in employee submitted applications rest on related but somewhat different grounds. Several courts have addressed the need to protect such crediting criteria and have enunciated the rationale for such protection:

> [A]dvance knowledge of the plan by applicants would allow and induce at least some of them to embellish – or perhaps even fabricate – their backgrounds to suit the appropriate crediting plan Moreover, the indications are that the [federal agency] does not possess the human and financial resources needed to identify the fabrications, to verify their falsity, and to pursue the offending applicants with appropriate legal action. Indeed it appears that a great many elements in a crediting plan are capable of embellishment by an applicant in a manner that is not strictly fraudulent, or that cannot be proven to be fraudulent.

*National Treasury Employees Union v. U.S. Customs Service*, 802 F.2d 525, 529 (D.C. Cir. 1986). *See also U.S. Department of Justice v. FLRA*, 988 F 2d 1267, 1269, 1272 (D.C. Cir. 1993); *Kaganove v. EPA*, 856 F.2d 884, 889-90 (7th Cir. 1988).

**II. Documents and Computer Files Relating to Selection Criteria and Test Scores.**

3. Defendant is in the possession of a large number of documents and associated computer files relevant to the discovery in this matter that relate to selection criteria and test scores. These documents are found primarily but not exclusively in the files maintained by the defendant, including merit-staffing folders and EEO complaint files.

4 Among the documents relating to selection criteria and test scores are the following (This list is illustrative and is not necessarily an exhaustive listing of such documents and files.):

a. interview questions and model answers.

b. interview questions and notes of the interviewer.

c. individual scoring sheets (for interviews and other scored procedures, such as ratings under Policy 4-96 or those performed by HRO or HRSC) of raters with or without notes of the rater.

d. summary scoring sheets with or without notes of the rater

e. rater's notes that define or clarify relevant job-related education or experiences.

f.. documents listing key skills used with the RESUMIX process or extracted from the RESUMIX database.

g. computer files maintained by the RESUMIX system.

**III. Documents Containing Only Individual Test Scores.**

5. Documents containing individual test scores but not including any substantive information on selection criteria are covered by the Privacy Act and are subject to the provisions of the Stipulated Privacy Act Order applicable to this case.

**IV. Persons To Whom Plaintiffs' Counsel May Disclose Selection-Criteria Information.**

6. Documents containing selection-criteria information and information derived from such documents are subject to the following limitations as well as the limitations specified in paragraphs 7 through 13 below:

a. Such documents are to be provided directly to plaintiffs' counsel of record.

b Plaintiffs' counsel may disclose such documents to persons in the employ of counsel of record and under counsel's direct supervision, including any relevant consultants and experts that plaintiffs' counsel have engaged for the purpose of this litigation.

c. Plaintiffs' counsel may disclose such documents to the Court.

d. The conditions under which plaintiffs' counsel may disclose selection-criteria information to the named plaintiffs or to unnamed members of the putative class are specified in paragraphs 8 , 9, and 10 below.

7. Except as provided in the proceeding paragraph, paragraph 6, and except as provided in paragraphs 11 and 12 below, no further disclosures may be made by plaintiffs' counsel absent further order of this Court.

## V. Conditions Under Which Plaintiffs' Counsel May Disclose Selection-Criteria Information to Named Plaintiffs and to Unnamed Members of the Putative Class.

8. Plaintiffs' counsel shall limit the disclosure of selection-criteria information to named plaintiffs to only those cases in which counsel determines a specific need for review by a named plaintiff. 9. Plaintiffs' counsel shall disclose selection-criteria information to unnamed members of the putative class only after plaintiffs' counsel has provided notice to defendant that plaintiffs' counsel intends to support plaintiffs' motion for class certification with declarations or affidavits from such unnamed members. Furthermore, plaintiffs' counsel shall limit the disclosure of selection-criteria information to such unnamed members for only those cases in which plaintiffs' counsel determines a specific need for review by the unnamed member.

10. In no case shall plaintiffs' counsel permit a named plaintiff or an unnamed member of the putative class to retain a copy of any document or computer file containing selection-criteria information. Moreover, plaintiffs' counsel shall inform named plaintiffs and unnamed members of the putative class given access to selection-criteria information of the following:: (1) such information is not to be discussed with anyone other than plaintiffs' counsel or those employed by plaintiffs' counsel in support of this litigation; and (2) that named plaintiffs or unnamed members of the putative class shall not create any record, document, or file

recording or containing the selection-criteria information that they have been given access to.

**VI. Other Authorized Disclosures: (1) During Deposition of Defendant's Designated Witness Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (2) When Agreed to in Writing by Defendant's Counsel.**

11. Plaintiffs' counsel may disclose selection-criteria information to those Rule 30(b)(6) witnesses designated by defendant to addresses civilian-personnel matters under the following conditions: (1) there is no one else present at the deposition who is not otherwise authorized to receive selection-criteria information, and (2) the deposition transcript is properly protected to ensure that no unauthorized disclosure of the selection-criteria information is permitted.

12. In exceptional cases plaintiffs' counsel may disclose selection-criteria information when authorized in advance in writing by defendant's counsel. Such written authorizations shall identify the specific individuals for whom disclosure is authorized as well as the bases for the exception and the extent of the authorized disclosure. All the requirements of this protective Order shall applied to any case in which such a written authorization is issued

**VII. Limitations on the Copying, Distribution and Use of Selection-Criteria Information and Test Scores Subject to this Order.**

13. Plaintiffs' counsel shall keep in strict confidence all documents or information identified in accordance with this Order . No person given access to materials or information subject to this Order by plaintiffs' counsel shall make public disclosure of those materials or information without further order of the Court. Furthermore, any use of these documents and information by plaintiffs' counsel, or by anyone given access to the information by plaintiffs' counsel, shall be exclusively in connection with this litigation and for no other purpose.

14. Any person given access to information subject to this order shall be informed by plaintiffs' counsel that it is selection-criteria information and subject to a non-disclosure order of

this Court. Plaintiffs's counsel shall maintain a listing of all persons given access to the information covered by this order and shall require all such persons to read this Order and to sign and date non-disclosure agreements, with a copy of this order attached to each such agreement Plaintiffs' counsel are not required to provide to defendant either the listing of persons given access or copies of the non-disclosure agreements unless so directed by subsequent order of this Court.

15 This Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular document or information or file is properly classified as selection-criteria information so that its use should be restricted or to present a motion to the Court under Rule 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

16. This Order is entered solely for the purpose of facilitating the production of documents and information from the defendant to the plaintiffs' counsel without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed: (1) to have the effect of an admission or waiver by the defendant; or (2) to alter the confidentiality or non-confidentiality of any such document or information; or (3) to alter any existing obligation of any party or the absence thereof.

**VIII. Procedures for Filing Selection-Criteria Information with the Court:**

17. Documents that have been identified in accordance with this Order may be submitted by all parties to this Court. But, if a party files any information subject to this order, the information must be filed pursuant to the filing-under-seal procedures as specified by the

Clerk of the Court or other procedures that may be specified by subsequent order of the Court.

**IX. Designation of Selection-Criteria Information:**

18. Documents or materials containing selection-criteria information shall be so designated by marking the document or material (e.g. compact disk) produced to the plaintiffs' counsel with the legends "SPECIAL HANDLING REQUIRED." and "This document contains restricted selection-criteria information." Marking these legends on the cover of any multi-page document or compact disk containing multiple documents, shall designate all pages of the document or portions of the compact disk as selection-criteria information, unless otherwise indicated by the producing party.

19. Failure of the defendant to properly designate selection-criteria information when produced to plaintiffs' counsel shall not be deemed to constitute a waiver of the selection-criteria information nature of the information. Defendant shall notify plaintiffs' counsel of any corrections required to the designation of selection-criteria information. If plaintiffs' counsel determine that they have received information that was not designated as such, plaintiffs' counsel shall treat such information as if it had been properly designated and shall notify defendant of any corrections required to the designation of the selection-criteria information.

**X. Reasonable Safeguards to Prevent Inadvertent or Unauthorized Disclosure:**

20. Plaintiffs' counsel shall afford selection-criteria information reasonable safeguards to prevent inadvertent or unauthorized disclosure during processing, storage, transmission, and disposal. The reasonable safeguards established by plaintiffs' counsel shall use the safeguarding procedures defined by 5 C.F.R. §§ 293.106 and 293.107 as guidelines.

21. Plaintiffs' counsel shall require any experts, consultants, or other firms employed for assistance in this litigation to afford selection-criteria information reasonable safeguards to

prevent inadvertent or unauthorized disclosure during processing, storage, transmission, and disposal. The reasonable safeguards established by such individuals or organizations shall use the safeguarding procedures defined by 5 C.F R. §§ 293.106 and 293.107 as guidelines. Moreover, all such individuals or organizations shall be required to comply with this Order in its entirety.

**XI. Use of Selection-Criteria Information at Arguments, Hearings, and Trial:**

22 The procedures for use of selection-criteria information at arguments, hearings, and trial will be the subject of a subsequent order of the Court.

**XII. Return of Information at Conclusion of Proceedings:**

23 The documents, computer files, or information identified as selection-criteria information, and all copies of such material, shall be destroyed or returned to defendant's counsel within 60 days of the conclusion of this litigation, including any appeals. If the documents or files are destroyed, plaintiffs' counsel shall so notify defendant's counsel in writing.

**SO STIPULATED**:

Dated __________

By: __________

MAXWELL WOOD
United States Attorney

WILLIAM D. GIFFORD
Assistant United States Attorney
Post Office Box 1702
Macon, Georgia 31202
(478) 753-3511

**ATTORNEYS FOR DEFENDANT**

WIGGINS, CHILDS, QUINN &
PANTAZIS, P.C.

Dated: Nov 26 '03

By: Rocco Calamusa Jr

ROCCO CALAMUSA, JR
1400 SouthTrust Tower
Birmingham, Alabama 35203
(205) 328-0640

**ATTORNEYS FOR PLAINTIFFS**

**APPROVED AND SO ORDERED:**

Dated: 12/5/03

W. Louis Sands

**W. LOUIS SANDS**
**United States District Judge**

12/5/03

ENTERED ON DOCKET 12-5 20 03
Gregory J. Leonard, Clerk
Deputy Clerk